(93 South. 56)

## LEONARD v. STATE. (6 Div. 987.)

(Court of Appeals of Alabama. April 4, 1922.)

**1. Indictment and information ⚖️125(42) — Burglary and grand larceny may be charged in same count.**

Burglary and grand larceny may be charged in the alternative in the same count.

**2. Criminal law ⚖️878(3), 1134(3)—Conviction under one count acts as acquittal under other count; only rulings on count under which accused convicted considered.**

Where accused was indicted under two counts, and convicted only under the second count, this operated as an acquittal of the offense charged in the first count, and rulings on demurrers to the first count need not be considered on appeal.

**3. Indictment and information ⚖️86(1), 166— Not necessary to allege where offense was committed, but proof must show its commission within jurisdiction.**

Under Code 1907, § 7140, it is not necessary to allege where the alleged offense was committed, but at the trial it must be proved that it was committed within the jurisdiction of the court in which the indictment is preferred.

**4. Indictment and information ⚖️33(2)—Solicitor need not prepare or sign indictment.**

An objection that a deputy solicitor signed an indictment as solicitor is without merit, as an indictment receives its efficacy from the finding and return of the grand jury, and it is not essential to its validity that a solicitor should have prepared or signed it.

**5. Criminal law ⚖️478(2)—Witness qualified as finger print expert.**

Where witness had made a study of and had had 5 years' practical experience in finger printing and identification, he was clearly qualified to testify as to defendant's finger prints.

**6. Criminal law ⚖️1208(9) — Indeterminate sentence of 5 to 10 years authorized.**

Where accused was convicted of receiving stolen goods, under Acts 1919, p. 148, and Code 1907, §§ 7324, 7329, an indeterminate sentence of 5 to 10 years' imprisonment was authorized.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Ed Leonard, alias Will Devine, was convicted of receiving stolen property, and he appeals. Affirmed.

The witness Brown stated that he was superintendent of the criminal identification department of the city of Birmingham, and had had 5 years' practical experience in finger printing and identification, and had made a study of it; that he studied the Henry system. He was then permitted to testify that he made photographs of Ed Leonard's fingers, and that they corresponded exactly with the finger prints upon a piece of glass exhibited to him by Officer Williams. Williams was later introduced, and testified that the glass from which the finger print was taken was part of the glass broken from the store that was entered.

Pinkney Scott, of Bessemer, for appellant.

Counsel discusses the various assignments of error insisted upon, but cites no authority in support thereof.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Venue need not be alleged, but must be proven, and when proven becomes a question for the jury. Section 7140, Code 1907; 17 Ala. App. 579, 88 South. 205; 15 Ala. App. 584, 74 South. 721. A conviction under the second count was an acquittal as to the first count. 17 Ala. App. 175, 83 South. 359. The motion for new trial does not appear in the bill of exceptions. 16 Ala. App. 545, 79 South. 804. Brown was shown to be an expert, and his evidence was admissible.

BRICKEN, P. J. The undisputed evidence in this case shows that the store of Harris Bros., a partnership, in the city of Bessemer, was broken into and entered, and the large amount of merchandise enumerated in the indictment was stolen therefrom.

[1] The indictment against this defendant contained two counts. The first count charged burglary and grand larceny; the second, with buying, receiving, or concealing stolen property. Burglary and grand larceny may be charged in the alternative in the same count. Orr v. State, 107 Ala. 35, 18 South. 142; Bowen v. State, 106 Ala. 178, 17 South. 335.

[2] The demurrers to this indictment were properly overruled. Moreover, the defendant having been convicted under the second count of the indictment, this operated as an acquittal of the offense charged in the first count; therefore the ruling of the court on demurrers to the first count need not be considered.

[3] The demurrers to defendant's plea as to the jurisdiction of the court to try this case were properly sustained, as it is not necessary to allege specifically in an indictment where the offense complained of was committed; but it must be proven upon the trial of the case to have been committed within the jurisdiction of the court in which the indictment is preferred. Code 1907, § 7140.

[4] After a consideration of all the testimony, we are of the opinion that the jury would have been authorized to have found the defendant guilty of either of the counts contained in the indictment, as there was ample evidence, if believed by the jury beyond a reasonable doubt, to sustain either one of the two counts. An indictment receives its legal efficacy from the finding and return of the grand jury, and the legal evidence of its verity is the return "a true

bill," apparent upon some part of it, bearing the signature of the foreman. It is not essential to the validity of the indictment that the solicitor should have prepared or signed it, and the objection urged here to this indictment that Ben G. Perry signed the indictment as "Solicitor Tenth Judicial Circuit," instead of signing it as deputy solicitor, is without merit, and cannot avail the defendant. He need not have signed the indictment at all, and the signature affixed thereto could in no manner affect its validity.

[5] The rulings of the court upon the testimony were without error. The witness Brown was clearly qualified to testify as to the finger prints of defendant. His testimony in this connection was positive, direct, and intelligent, and impresses this court that the objections interposed thereto were without merit.

[6] No exception was reserved to the oral charge of the court, nor were there any special charges refused to the defendant. The indeterminate sentence of 5 to 10 years' imprisonment, imposed by the court, was authorized by statute, and the objection thereto is not well taken. Acts 1919, p. 148; sections 7324, 7329, Code 1907.

The motion of defendant to set aside the verdict and grant a new trial is not presented. Crawley v. State, 16 Ala. App. 545, 79 South. 804. The record proper is without error; therefore the judgment of the circuit court must be affirmed.

Affirmed.