## TUCKER v. STATE. (6 Div. 677.)

(Court of Appeals of Alabama. June 30, 1925.)

**1. Criminal law ⬅️878(3)—Verdict of guilt under second count is acquittal of charge in first.**

Where first count charges manufacture of whisky, and second possession of a still, verdict of guilty under second count is an acquittal of charge in the first.

**2. Criminal law ⬅️1167(2)—Errors, relating only to charge of which accused was acquitted, not considered.**

Where accused has been acquitted as to first count in indictment, alleged errors, relating only to that charge, will not be considered.

**3. Intoxicating liquors ⬅️236(19)—Evidence insufficient to show possession of still.**

In prosecution for possession of a still, evidence, that accused and companion brought bag of sugar to place in woods, where three barrels filled with liquid of meal and water were buried, and ran when flushed by officers, held insuffi-

cient to sustain conviction where no still was found thereat on that day.

**4. Criminal law ⬅️338(4, 5)—Evidence of finding still inadmissible, where defendant not connected therewith.**

In prosecution for possessing a still, where accused and companion were arrested on bringing bag of sugar to place in woods, where barrels containing meal and water were buried, but no still was found at that time, evidence of finding completely equipped still in another hollow, not on premises of accused or companion, on the succeeding day, with nothing to show that accused had dominion over it, held inadmissible.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Lige Tucker was convicted of possessing a still, and he appeals. Reversed and remanded.

Gray & Powell, of Jasper, for appellant.

Until a mixture contains alcohol, it is not a violation of the law to possess it. Anderson v. State, 20 Ala. App. 154, 101 So. 162. The affirmative charge for defendant should have been given. Berry v. State, 20 Ala. App. 102, 100 So. 922; Moon v. State, 19 Ala. App. 176, 95 So. 830; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Medders v. State, 19 Ala. App. 628, 99 So. 776.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was sufficient evidence to support the verdict, and the general charge as to count 2 was properly refused.

SAMFORD, J. [1, 2] The first count in the indictment charged that the defendant manufactured whisky, but the verdict of the jury in finding the defendant guilty, under the second count, is an acquittal of the charge in the first count, so that we may not consider any rulings of the court relating alone to that count.

[3, 4] The evidence for the state, as to the second count, tended to show that on one day, before the finding of the indictment, five officers were hidden in the woods near where there was buried three barrels, filled with a liquid made of meal and water; that one Downey and defendant came to the place where the barrels were, each having a sack containing sugar. They set the sugar down. At that point the officers "flushed" them, and both Downey and defendant started to run, whereupon the officers opened fire on the fleeing men with shotguns, pistols, and rifles, and defendant was shot down from a shot from one of the shotguns with more than 28 shot in his back. As to whether this fluid in the barrels was beer from which whisky is made, we are left to surmise, but presumably it was either such or in process

of making. No still or other apparatus was found there or near there on that day, although a search was made at the time for a still. On the next day some of the officers went back into those same woods and made a more diligent search. They found signs where people had been cutting cross-ties and several places where nine stills had been, and in another "hollow" from where defendant and Downey were caught and defendant was shot down, and about 200 yards away in some bushes, they found a complete 45-gallon copper still outfit. None of these things were on the premises of either Downey or defendant, and neither of them were present or had ever been seen in possession of the still or any of its parts or exercising any dominion over it. With what was the defendant connected? Was it with the cutting of the cross-ties, or the timber, or with the still places of which there were nine, or with the complete still outfit? There is as much evidence of the one as of the other. The evidence as to the finding of the still on the next day and in a different place was too remote and should have been excluded.

The defendant was entitled to the general charge, and for the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.