162 So. 550

## LANDERS v. STATE.

### 8 Div. 91.

Court of Appeals of Alabama.

June 4, 1935.

Rehearing Granted June 28, 1935.

Henry D. Jones, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

This prosecution originated by affidavit before the law and equity court of Lauderdale county. The offenses therein charged were violations of the state law under sections 1397(50) and 1397(51) of the Code of 1928, which sections make it an offense, first, for any person while in an intoxicated condition to operate a motor or other vehicle upon any highway within this state; and, second, for any person to drive any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger any person or property.

Testimony of witnesses in their examination tended to make out a case against the appellant growing out of the same transaction under both counts of the complaint. The trial judge refused charge No. 2 requested by defendant: "The court charges the jury that you cannot find defendant guilty under both counts of the complaint."

It has long been the rule of Alabama courts that, where an indictment, information, or affidavit in a criminal case contains several counts, arising out of the same offense, a verdict of the jury finding the defendant guilty on one of the counts operates an acquittal as to the other counts. See Oldacre v. State, 16 Ala. App. 151, 75 So. 827; Rogers v. State, 17 Ala. App. 175, 83 So. 359; Tucker v. State, 21 Ala. App. 26, 104 So. 869; and Busbee v. State, 25 Ala. App. 328, 146 So. 286.

What we have written above being true, and it being the law that "one single transaction or state of facts cannot be so split up as to convict the defendant of several separate and distinct offenses" (see Trawick v. City of Birmingham, 23 Ala. App. 308, 125 So. 211, certiorari denied 220 Ala. 291, 125 So. 212), it becomes apparent that appellant was entitled to have given at his request written charge 2 quoted above.

Upon original submission we were of the opinion that, because the trial judge ex mero motu, vi et armis, as it were, "set aside" appellant's conviction on one of the two counts of the complaint (the jury convicting him under both), appellant was in no position to claim injury by the refusal of his said charge, above.

But upon further consideration we have concluded differently.

For the error in refusing the charge mentioned, the judgment of affirmance is set aside, the application for rehearing is granted, the judgment of conviction reversed, and the cause remanded.

Application granted; reversed and remanded.