14 So.2d 242

**BARNES v. STATE.**

**4 Div. 759.**

Court of Appeals of Alabama.

May 11, 1943.

Rehearing Denied May 25, 1943.

Ralph A. Clark, of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant, Cecil Barnes, was convicted of robbery and sentenced to ten years' imprisonment. The alleged victim was one M. L. Coxwell, who was the only eye witness to the transaction other than the defendant and certain of defendant's family, among whom were his wife, Louise Barnes, and his wife's brother-in-law, Jimmy Douglas.

In addition to a plea of not guilty, he interposed the special plea of not guilty by reason of insanity.

The fact was without dispute that in April of 1942, the defendant received from Coxwell $59 in money and a check drawn upon an Andalusia bank, payable to defendant and signed by Coxwell, in the amount of $575. The vital conflict in the testimony was whether defendant criminally procured this property from Coxwell, as was claimed by the State, or whether the alleged victim voluntarily parted with it in good faith and without any felonious conduct on the part of defendant.

Coxwell's testimony substantiated the accusation of robbery. The defendant and his witnesses, on the contrary, contended that, by prearrangement between the two, they met to settle certain differences between themselves, and that the money and check were voluntarily delivered to defendant, without duress, pursuant thereto.

The defendant contended, and sought to prove, that Coxwell had forced upon defendant's wife illicit consortion since her childhood; that defendant recently discovered this and confronted Coxwell with it and requested that they meet and have an understanding about it; that defendant did not want money and, when they did meet, so told Coxwell; that the purpose of meeting was to have Coxwell's "assurance that you (Coxwell) won't molest my (defendant's) wife any more." That Coxwell, for fear of public disclosure of these ulterior things, and the consequent impugnment of his reputation generally, as well as the disrupture of his domestic felicity, insisted upon paying the defendant so he (defend-

ant) could settle up his affairs and remove, with his family, to another state.

In addition, it was contended by defendant (and he sought to prove) that recently received information regarding this alleged debauchment of his wife by Coxwell had so deranged his mind as to render him legally irresponsible.

There are two material questions reserved for review arising from the rulings of the trial court upon the admissibility of the testimony.

The first proposition relates to the refusal of the trial court to permit the defendant to prove the actual fact of the deflowerment of his wife and Coxwell's subsequent illicit coition with and libidinous conduct toward her. His wife was proffered as a witness for this purpose and relevant questions were propounded to her seeking to elicit such proof, but the trial court ruled the same as inadmissible.

■ If the evidence offered would have had a tendency, even though slight, to shed light on the main inquiry, as to the culpability of the defendant when he received Coxwell's property, then it was relevant and admissible. Gafford v. State, 122 Ala. 54, 64, 25 So. 10.

We cite the Gafford case for its clear statement of the general principle of evidence. That case is strikingly analogous and its rationale strongly supports our conclusion that such proof was relevant and admissible. Paraphrasing some of the statements and quotations therefrom:

(a) "The real question, therefore, is, would the testimony offered to be introduced by defendant have any tendency, even though slight, to shed light on the main inquiry * * * which was clouded by conflicting and hopelessly irreconcilable testimony?" 122 Ala. at page 62, 25 So. at page 12.

(b) "Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence." 122 Ala. at page 62, 25 So. at page 12.

(c) "It was important to the defendant that the jury be fully informed as to the true cause" of the delivery of the money and check to him. 122 Ala. at page 63, 25 So. at page 12.

(d) "If it had been shown to them [the jury] that, notwithstanding * * * [Coxwell's] denials to defendant of improper relations between * * * [Coxwell] and defendant's * * * [wife], that such relations in fact * * * had existed for a considerable length of time * * *, it may well be that the jury, from their knowledge of human nature and the history of like cases, might, in the light of such testimony, have" been impressed with defendant's contention of payment to him by Coxwell of the money, etc., in order to avoid public disclosure, and for defendant and his family to leave the country. 122 Ala. at page 65, 25 So. at page 13.

(e) "The exclusion of the testimony offered by defendant as to * * * [Coxwell's] relations with defendant's * * * [wife] deprived the jury of proof which, if admitted, might, in their opinion, have shed light upon the main inquiry in the case" (viz., defendant's alleged culpability when he obtained the money and check). 122 Ala. at page 64, 25 So. at page 13.

■ In Wharton's Criminal Evidence, 11th Ed., Vol. 1, pp. 586, 587, § 369, the principle is stated: "Generally speaking, * * * when the circumstances are such as to attest, with reasonable assurance, the worthiness of evidence, it is competent. Any fact which has a causal connection or logical relation to another fact, *so as to make the other fact either more or less probable, is competent, or is relevant, to prove it*." (Emphasis supplied).

■ Our Supreme Court has said that res gestae not only comprehends all facts constituting a part of the transaction, but also "all facts which are relevant, explanatory, or illustrative of, or which give character to, or illustrate the character of, or which characterize the act or principal fact which was the subject of or for decision." Sexton v. State, 239 Ala. 287, 288, 196 So. 744, 745; Roan v. State, 225 Ala. 428, 433, 143 So. 454.

■ Res gestae is also defined as "those circumstances which are the undesigned incidents of a particular litigated act, and which are admissible when illustrative of such act." Jones' Evidence, 2d Ed., § 1193, pp. 2187–2190. This statement has also received approval. Sexton, supra; Routledge v. Schmitt, 239 Ala. 436, 195 So. 246.

■ When tested by the foregoing principles, it is clear that the fact of the former lascivious conduct of defendant's wife and

Coxwell were provable as "explanatory or illustrative" of the main contested fact and as a corroborative circumstance of the transaction when defendant received Coxwell's property. It tended to support the defendant's contention of a bona fide delivery to him by Coxwell of the money and check, without duress. Such evidence was directly probative of the true circumstances under which Coxwell, according to defendant, parted with his property. It "attested" the "worthiness of the evidence" offered by defendant, and the basis upon which Coxwell offered and defendant accepted said money and check.

It is therefore our conclusion that reversible error prevailed in the action of the learned trial court in forbidding such evidence.

The second proposition relates to the refusal of the trial court to permit defendant to introduce testimony as to the information recently conveyed to him of Coxwell's sexual relations with his said wife.

■ Upon the issue of insanity, it is always relevant and competent to prove that shortly before the act for which he is being prosecuted information had been conveyed to the accused which might naturally and reasonably have affected his mental poise to an extent as to render him legally irresponsible while acting under its influence.

The principle is thus stated in Wharton's Criminal Evidence, 11th Ed., Vol. 1, p. 432, § 318:

"It is generally held that evidence of information conveyed to the defendant by others, or obtained through his personal observation shortly before the act, is admissible if it is of such a nature as naturally and reasonably to affect his mental poise to an extent that it would render him irresponsible while acting under its influence." See also Wigmore on Evidence 3rd Ed., Vol. 2, pp. 8-9, § 227, and pp. 20-21, § 231.

The only limitation upon the admissibility of such evidence is that a proper predicate for its admission be laid by the introduction of other evidence tending to show insanity. Milford v. State, 2 Ala.App. 104, 57 So. 96.

■ It is a prerequisite to the admissibility of evidence that accused had acquired knowledge or information of the lewdness of his wife, as a basis for his claimed insanity, that there be presented other proof tending to show insanity at the time of the act for which he is being prosecuted. Milford, supra; Ward v. State, 153 Ala. 9, 45 So. 221; Wigmore on Evidence, 3rd Ed., Vol. 2, p. 21, § 231. Also Russell v. State, 201 Ala. 572, 78 So. 916, is analogous.

■ When this rule is followed, the two inquiries then open for the determination of the jury, under the issue of insanity, are, first, had the accused, shortly before the alleged crime, acquired knowledge or received information of his wife's unchastity, etc., and, second, if he had, did this information or knowledge affect his mind to such an extent as to render him legally irresponsible for his conduct while acting under its influence. Choate v. Commonwealth, 176 Ky. 427, 195 S.W. 1080.

When such evidence is properly presented it is error to refuse it.

■ In aid of a correct interpretation and exposition of the law upon another trial, it is added that, generally, a plea of insanity may be interposed, and relevant evidence presented to sustain it, in any criminal prosecution involving animus or intent. Smoot's Law of Insanity, p. 372, § 448; Herzog's Med. Jur. p. 458, § 645; 22 C.J.S., Criminal Law, pp. 118, 119, §§ 55, 56; 14 Am.Jur. p. 788, § 32. And such a plea was available in the case at bar, an essential ingredient of the offense being that the property be taken animo furandi.

The only other matter which it is deemed important to presently discuss is the suppression of defendant's counsel's argument, in answer to the Solicitor's argument to the jury, regarding the failure of Mrs. Barnes' brother-in-law to testify in the case.

■ Jimmy Douglas was related by marriage to the defendant's wife and was present when the alleged crime was perpetrated. Under the rule announced in Waller v. State, 242 Ala. 1, 4 So.2d 911, it was permissible for the solicitor to comment in argument to the jury regarding his failure to testify. However, with the suspicion indulged by law (Waller case) against the defendant for his failure to produce said person as a witness, the learned trial judge erroneously excluded from the jury's consideration the retaliatory argument of defense counsel to the effect that the jury could observe from the indictment that he (Douglas) was listed thereon as a State's witness, etc.

The entire case has had our careful study. We are persuaded that for the errors hereinabove noted the defendant should have another trial. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.