Matranga, Hess & Sullivan, Mobile, for appellant.

192 So.2d 478

James R. ALSOBROOK

v.

STATE.

1 Div. 152.

Court of Appeals of Alabama.

Nov. 29, 1966.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The defendant was convicted of burglary in the second degree and was sentenced to the penitentiary for a term of two years.

■ The evidence presented by the State tends to show that a tool shed belonging to one William H. Ellis was broken into on September 13, 1965. Mr. Ellis testified his occupation was that of general contractor and that he had a brick yard and tool shed in connection with his business. He observed the shed about five o'clock of the afternoon of September 12th when it was closed and the lock secured. The next morning the lock was broken and the place had been ransacked. He stated a posthole digger, two shovels and two claw hammers were his property and they were valued at twenty-six dollars

Clyde Hudson, an employee of Ellis Construction Company, testified when he reported for work shortly before 7 o'clock on the morning of September 13th he saw defendant, whom he did not know personally, throwing tools out the front door of the shed. When asked who told him to get the tools defendant said the man who operated the Point Tavern sent him down there for them. Witness told Alsobrook to leave the tools alone and tell the man to come and get them himself. Defendant insisted on taking the tools and the witness took them off his shoulder and put them back in the tool house. Hudson and defendant then walked around to the Point Tavern. The witness stood across the street and defendant went into the Tavern. Witness waited outside for five or six minutes and when the defendant did not come out of the tavern he walked to the corner grocery and telephoned his employer, Mr. Ellis. The witness went back and stood outside the tavern until the police came. The next time he saw defendant was at city police headquarters. He further testified the lock had been pried off the building where the tools were kept, the hasp was gone and three or four shovels, a hole digger and a crowbar had been taken from the shed.

Charles A. Snipes, a detective with the Mobile Police Department, testified he went to the tool shed around 8 or 9 o'clock on the morning of September 13, 1965, and examined the door and saw the hasp and lock were missing; that he went to the Point Tavern, about two blocks from the tool shed. He described the inside of the Tavern and said there was a back door leading into an alley and that the alley was not visible from the front. The defendant was not at the tavern at that time. He showed a photograph of defendant to Clyde Hudson who identified the man in the picture as being the party he saw moving the tools from the shed. He further testified he was present when Clyde Hudson identified the appellant from a police line up, as being the person he observed at the tool shed on the morning of September 13, 1965.

The evidence presented questions for the jury and was sufficient to sustain the verdict. The motion to exclude the evidence was properly overruled.

■ During the closing argument of the district attorney, the following occurred:

"MR. INGE: There is no evidence that you have been shown that John Jones or Mr. Bill Smith or anybody else at the Point Tavern sent him over there. There is no evidence that you have been shown or heard from that stand and I submit that any witnesses that could testify to any such thing are just as available to Mr. Matranga as to anybody else. You have not heard one person state from that stand. * * *

"MR. MATRANGA: The defendant is not required to prove his innocence in this court, if I might direct it to the Bench. I object to Mr. Inge's statements about any witnesses on the part of this defendant, your Honor.

"MR. INGE: Now, your Honor, he stated in his argument that the man was over there doing an errand for somebody over at the Point Tavern and I am pointing up the fact that there is no evidence of that.

"MR. MATRANGA: Just a minute, if I might have a word, Judge. One of the witnesses, Clyde whatever his name is,

said that was the explanation Mr. Alsobrook gave him.

"MR. INGE: Your Honor, that is hearsay testimony.

"THE COURT: He can argue inferences from the evidence, overruled. Go ahead."

We consider the remark of the state's attorney, Mr. Inge, to be a permissible comment on the failure of the defendant to call as a witness the person the evidence shows defendant claimed sent him for the tools. See Jarrell v. State, 251 Ala. 50, 36 So.2d 336; Waller v. State, 242 Ala. 1, 4 So.2d 911; Orr v. State, 40 Ala.App. 45, 111 So. 2d 627; Barnes v. State, 31 Ala.App. 187, 14 So.2d 242, and was not a comment on the defendant's failure to testify. Moreover, the record shows the argument of the state's attorney was in reply to argument made by defense counsel. The objection to the argument was overruled without error.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.