293 So.2d 307

**Theola WARD, Jr., alias**

v.

**STATE.**

**6 Div. 641.**

Court of Criminal Appeals of Alabama.

April 9, 1974.

Louis W. Scholl, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and D. Leon Ashford, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

In circuit court the appellant was indicted and convicted of robbery and sentenced to imprisonment in the penitentiary for life.

While no motion to exclude the evidence of the State nor motion for a new trial were filed by the appellant, this court, due to the refusal of the affirmative charge and because of the seriousness of the accusation and the sentence, has considered the testimony carefully and is of the opinion it amply supports the judgment entered in the circuit court.

Appellant contends in brief that the court erred in giving that portion of the oral charge to the jury dealing with the question of appellant's flight.

At the conclusion of the court's oral charge the district attorney called to the attention of the court that the State had offered some evidence of flight on the part of the appellant and thereupon the court added to the oral charge by instructing the jury on this subject.

■ At the conclusion of this additional instruction the attorney for the appellant, before the jury retired, attempted to except to this last portion of the charge using the following language, "Judge, we would note one exception to the charge as to flight. We would note an exception to that instruction." We hold that this attempt to note an exception was not sufficient to present the matter for our consideration, because neither the words used by the court in the oral charge were specifically set out nor was a fair paraphrase of what was said noted in the exception.

The proper way to reserve an exception to part of an oral charge is to recite what the court said, or the substance thereof. Walker v. State, 269 Ala. 555, 114 So.2d 402; Kelley v. State, 226 Ala. 80, 145 So. 816, 819. It has been further held that an attempt to except to the court's oral charge by designation of the subject treated by the court without further setting out the specific language or substance thereof is not permissible. Koger v. State, 38 Ala.App. 476, 87 So.2d 552; Hunter v. State, 38 Ala.App. 351, 83 So.2d 737.

As said above, the attempt to take an exception to the particular charge of the court with regard to the flight of the appellant was abortive and nothing is presented for this court to review.

■ Appellant further contends that the court was in error in overruling his objection to the introduction of the testimony of James Hillhouse.

The evidence in this case shows without dispute that the witness Hillhouse was the owner of a small sundry store located in Birmingham, Alabama, and that in the early morning of May 25, 1972, at a time between 6:20 and 7:15 he was present in the store along with State witnesses Snow and Fancher. Appellant was identified by witnesses Snow and Fancher as the person who entered the store at that time, held up the three men at pistol point, took the contents of the cash register amounting to something over $50 and some small change lying on a counter, and took two dollars in money from witness Fancher. He then forced Fancher, Hillhouse and Snow to turn their backs to him and line up against a wall behind the counter at which time several shots were fired. Hillhouse was wounded in the skull, Snow was wounded in the skull and between the shoulders, Fancher was also wounded in the skull and collapsed on the floor.

After the proposed introduction of Hillhouse as a witness and the objection made thereto by appellant, the jury was excused from the courtroom and upon voir dire examination in the presence of court, the appellant and the attorneys it was determined that Hillhouse had suffered a loss of memory of the circumstances surrounding the robbery and that his testimony would be only that he knew his name and address. It was admitted that he would be unable to

**394**

give any more testimony which might shed light upon the issues before the court.

In the case of Barnes v. State, 31 Ala. App. 187, 14 So.2d 242 (cert. denied 244 Ala. 597, 14 So.2d 246), this court said, "If the evidence offered would have had a tendency, even though slight, to shed light on the main inquiry, as to the culpability of the defendant when he received Coxwell's property, then it was relevant and admissible. Gafford v. State, 122 Ala. 54, 64, 25 So. 10."

To quote further from *Barnes,* supra, "In Wharton's Criminal Evidence, 11th Ed., Vol. 1, pp. 586, 567, § 369, the principle is stated: 'Generally speaking, * * * when the circumstances are such as to attest, with reasonable assurance, the worthiness of evidence, it is competent. Any fact which has a causal connection or logical relation to another fact, *so as to make the other fact either more or less probable, is competent, or is relevant, to prove it.'* (Emphasis supplied)."

We think that the testimony of Hillhouse admitted before the jury, in which the witness gave his name and address and stated that he was unable to remember any of the events that transpired on the morning of the robbery was competent and relevant evidence as tending to shed some light on the issues, however dim, and as having some probative value when considered in the light of the testimony of the witnesses Snow and Fancher.

We do not agree that such evidence could serve only to prejudice and inflame the mind of the jury as is argued by the appellant.

In short we think the testimony was in some degree supportive of the eye witnesses to the robbery and therefore, admissible.

We have carefully examined the record and find no error on any part of the rulings of the trial court. The case is due to be, and is hereby, affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.