Burglary and grand larceny; sentence: five years imprisonment.
Mr. P.A. Scarborough, co-owner with his son of a drug store in Eufaula, Alabama, was called to his store the night of October 16, 1976, by police who had answered a silent burglar alarm at the store. He met Officer Bowman and another officer at the store, opened the door, and entered the store with them. Mr. Scarborough heard a noise in the rear of the store and heard Bowman say, "He is going out the window. I am going after him." Mr. Scarborough observed that the door to the prescription department was open, the drug cabinet had been pried open, and drugs removed. An inventory revealed $415 worth of drugs had been taken. The drugs were later found in a sack at the rear of the store and scattered on the ground behind the store.
Officer Bowman testified that after entering the store, he heard a noise behind the medicine shelves and proceeded to the rear of the store. He observed the appellant *Page 370 
with his head and shoulders through the back window. The burglar bars had been pried from the window. Bowman identified himself as a police officer and ordered the appellant to halt, but he fled. Bowman fired a warning shot and apprehended the appellant as he attempted to hide under an automobile. Bowman testified the appellant exclaimed at that time, "You have got me, go ahead and kill me." The appellant also gave a false name when he was taken into custody.
A locked automobile found near the scene was later determined to be the appellant's. The car was towed to the Eufaula Police Department, and a search warrant was obtained for it. A water ski case was found in the suitcase in the car which contained a crowbar, a pair of bolt cutters, duct tape, and a pair of gloves.
The appellant contended he was merely an innocent bystander who, after having seen two other men flee the store, was merely peering into the window out of curiosity when he was surprised by the policemen and fled. Appellant's girl friend, Lethia Speigner, also testified in support of appellant's version of the facts. She stated that she and the appellant were traveling from Enterprise to Atlanta and stopped in Eufaula to see an unusual juke box. She further stated that the appellant drank a bottle of tequila during the drive between Enterprise and Eufaula. As the couple drove through an alley en route to view the juke box, the appellant noticed two men behind the drug store. Later as the couple resumed their trip to Atlanta, the appellant had an uneasy feeling about the two men and returned to the scene. He left Ms. Speigner in a night club near the drug store and went to investigate. She testified she heard the officer's gunshots and was later taken into custody at the scene herself along with appellant.
 I
The appellant's first point of error alleges that there was a lack of probable cause to support the issuance of the search warrant for his car, and thus it was error to overrule his motion to suppress the evidence obtained during that search. The search of the vehicle revealed a bag containing a pair of rubber gloves in the back seat and two pairs of binoculars on the front seat. A suitcase in the back of the car contained a crowbar, gloves, duct tape, and a nylon rope. He asserts that the mere geographical proximity of his locked car to the burglarized store was insufficient in and of itself to provide probable cause for a search, and that the unsupported conclusion of the affiant that he "had cause for believing" the car contained burglary tools was equally insufficient. Thus, appellant contends the search was a "fishing expedition" with nothing apparent from the face of the warrant affidavit upon which the magistrate could base a finding of probable cause.
Officer Brown's affidavit, dated October 18, 1976, appears in the record in pertinent part as follows:
 "Affidavit in support of search warrant for search of a 1976 Mercury Bob-Cat automobile V.I.N. 6T20Z533294 bearing 1976 Alabama license 38-36451.
 "The affiant's cause for believing that the above described vehicle was used in the commission of a burglary of the Scarbouroughs (sic) Rexall Drug Store which occurred October 16, 1976, is as follows:
 "1. Billy Waters, a white male of Dothan, Alabama, was apprehended during the commission of a burglary at Scarboroughs Rexall Drug Store at approximately 9:00 P.M. on October 16, 1976.
 "2. That 1976 Mercury V.I.N. 6T20Z533294 bearing 1976 license tag 38-36451 is registered to Dothan-Lincoln Mercury of Dothan, Alabama, for the above described vehicle.
 "3. That said Billy Waters is an employee of said Dothan-Lincoln Mercury and the above described vehicle was checked out to the said Billy Waters and,
 "4. The above 1976 Mercury automobile V.I.N. 6T20Z533294, was found parked on Broad Street, Eufaula, Alabama, in front of said Scarboroughs Rexall Drug Store at 1:45 A.M. on October 17, 1976. *Page 371 
 "5. The affiant has cause for believing and does believe that the above described automobile contains burglar tools and drugs related to the aforementioned burglary and other illegal contraband."
In order for the issuing magistrate to make a finding of probable cause, he must have brought before him sufficient information from which he may independently determine whether probable cause exists to support a warrant. Murry v. State,48 Ala. App. 89, 261 So.2d 922 (1972). ". . . [T]he very essence of search and seizure law is that the issuing magistrate must make a finding of probable cause from facts communicated to the magistrate by the affiant." Brown v. State, 45 Ala. App. 265,229 So.2d 40 (1969). Because the magistrate's decision is a judicial determination, appellate courts pay substantial deference to that determination of probable cause. Yet, it is our function to insist that the magistrate perform his function in a neutral and detached manner and not serve merely as a rubber stamp for police. Aguilar v. Texas, 378 U.S. 108,84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
An affidavit which contains a mere conclusory affirmation of suspicion and belief, without statements of adequate support, is an inadequate basis for a magistrate's finding of probable cause. Murry, supra. We cannot agree with appellant, however, that such is the case in the instant affidavit. The affiant here stated numerous factual details important to a determination of probable cause, i.e.: (1) the fact that a felony had been committed; (2) the fact that appellant was apprehended during the commission of that crime; (3) the fact that the vehicle in question was checked out for use in appellant's name by Dothan Lincoln-Mercury; and (4) the fact that this vehicle, known to be in use by one apprehended in the commission of the crime, was parked in front of the very location where the crime was committed. Though the fifth statement in the affidavit is a conclusion, it is one logically deduced from the list of facts preceding it.
We find that sufficient facts were stated in the affidavit from which the magistrate could conclude both that a felony had been committed and that the vehicle, operated by appellant and parked at the scene of the crime, probably contained articles used in connection with that crime. It was very possible that appellant had returned to the vehicle with items used or taken during the burglary prior to the arrival of police. Probable cause deals with probabilities, not legal technicalities. It is grounded upon those practical, factual considerations of everyday life upon which reasonable and prudent men act.Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302,93 L.Ed.2d 1879 (1948). Though the line between mere suspicion and probable cause may be a fine one, it is clear in this case that sufficient facts were before the magistrate to place the affidavit on the probable cause side of that line.
 II
The appellant contends that even if the search was proper, the admission of the articles found was erroneous because they were in no manner connected with the offense charged. He further contends they were introduced for the sole purpose of prejudicing and inflaming the jury which amounted to reversible error. This argument is without merit. Where the proffered evidence has a tendency, even though slight, to enlighten the jury as to the culpability of the defendant, then it is relevant and properly admissible. Barnes v. State, 31 Ala. App. 187, 14 So.2d 242, cert. denied, 244 Ala. 597, 14 So.2d 246
(1943). A fact having a logical relation or a causal connection with another fact, which makes the other fact either more or less probable, is competent or relevant to prove it. Ward v.State, 52 Ala. App. 392, 293 So.2d 307 (1974).
We think that the potentially burglarious nature of the tools found in the vehicle, in light of (1) the apprehension of the appellant during the burglary, (2) the close proximity of the vehicle to the store, and (3) the possibility of his going to and returning from the car before police arrived *Page 372 
was competent and relevant evidence which had some probative value in determining appellant's guilt or innocence. We do not agree that this evidence served only to prejudice and inflame the jury as argued by the appellant. The evidence had the potential to lend some degree of support to the State's case and was therefore admissible.
 III
The appellant next contends that it was error for the court to deny his motion for a continuance. The motion was based upon a pending motion for a new trial on a prior conviction in Houston County which the State would seek to introduce for impeachment purposes if the appellant testified during the instant trial.
The granting or denying of a continuance is within the sound discretion of the trial court. Lamberth v. State, 48 Ala. App. 134, 262 So.2d 622 (1972). We find no abuse of discretion here which would mandate a reversal. The appellant had in fact been convicted in Houston County prior to this trial, hence it was not error to deny a motion for continuance based on the pendency of the motion for a new trial in Houston County.
The appellant next contends that it was error for the trial court to allow the Houston County conviction to be used to impeach his credibility as a witness as that judgment was not final at the time he testified in the instant trial. He contends that the Houston County conviction was neither appealable nor final due to the undisposed of motion for a new trial.
Section 12-21-162, Code of Ala. 1975 (formerly Title 7, §§ 434, 435, Code of Ala. 1940) provides in pertinent part:
 "As affecting his credibility, a witness may be examined touching his conviction for a crime involving moral turpitude, and his answers may be contradicted by other evidence."
The Code does not use the term "final" in describing a conviction which may be used for impeachment purposes. The only requisites are that there be a "conviction" and that the crime be one of "moral turpitude."
The appellant was convicted in the Circuit Court of Houston County of a crime involving moral turpitude, and the presumption of innocence no longer attended him in that case. Whether final or not for purposes of appeal, we hold that that conviction was admissible for the purpose of impeaching the appellant as a witness in the instant case. See: Ex parteAlabama State Bar, 285 Ala. 191, 230 So.2d 519 (1970); Calhounv. State, Ala.Cr.App., 346 So.2d 39 (1977).
 IV
The appellant contends that there was a fatal variance between the allegations of the indictment and the proof thereof at trial as to the ownership of the property. The indictment alleged that P.A. Scarborough owned the goods, while in reality the goods were owned by a partnership in which Scarborough was a member. However, that variance is clearly not fatal. An allegation of ownership of property in the name of one partner is sufficient to uphold the indictment where partnership property is involved. Scott v. State, 55 Ala. App. 318,314 So.2d 921 (1975); Title 15, § 245, Code of Ala. 1940.
 V
Appellant's last issue involves his concern with a variance between the six year sentence imposed by the court, as announced in open court, and the five year sentence contained, by clerical mistake, in the written judgment entry. The State points out in brief that it was advised by the clerk of that court of the error and filed a motion to amend the record pursuant to Rule 10 (f), Alabama Rules of Appellate Procedure. We have reviewed the record and find that an order issued by the court below pursuant to A.R.A.P. 10 (f) has been entered with the clerk of this court, and the record has been properly amended to conform with the sentence as announced by the judge in open court. Having carefully reviewed the record, we find no error justifying reversal of the conviction below.
Affirmed.
All the Judges concur. *Page 373