*117 OPINION OF THE COURT
John P. Collins, J.
The defendant moves to dismiss two indictment counts, charging driving while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subds 2, 3), claiming collateral estoppel, double jeopardy and delay of trial.
On April 12, 1983, an indictment was filed in Bronx County, accusing McHugh of four counts of manslaughter in the second degree, one count of operating a motor vehicle with .10 of one per centum or more alcohol in the blood, one count of operating a vehicle while in an intoxicated condition, one count of speeding and one count of reckless driving. The gist of the charge was that on March 13, 1983, the defendant, while intoxicated, operated a motor vehicle on the Mosholu extension of the Henry Hudson Parkway, speeding and recklessly causing the death of four passengers.
In February and March, 1984, this court held suppression hearings, concerning statements and blood sample readings. The results of those hearings bear on the instant motion.
On March 21, 1983 the court made a finding that pursuant to People v Moselle (57 NY2d 97) the People’s blood test results were admissible as to the Vehicle and Traffic Law counts five and six, charging ihtoxicated driving, and count seven, charging reckless driving. The court held that the blood test results were not admissible as to Penal Law counts one through four, charging manslaughter in the second degree.
The major charges — four counts of manslaughter — were serious ones. If it allowed admission of the blood alcohol reading as to the traffic law counts, the court feared that any limiting instructions would be insufficient to eliminate possible prejudice to the defendant on the trial of the manslaughter counts.
The court severed counts five, six and seven charging intoxicated driving and reckless driving. The court permitted the latter count to be joined with the manslaughter counts if the People agreed not to introduce any evidence concerning the blood test. The People chose that alternative.
The People were then faced with two trials. One would involve the manslaughter, speeding and reckless driving counts. A second would involve the intoxicated driving counts.
The People moved to reargue the court’s decision of March 21, expressing concern that the issue of double jeopardy might be raised in the future if two separate trials were to be held. The court entertained oral argument. The defendant opposed any *118 reconsolidation of the counts. He claimed that double jeopardy could not be a bar to the prosecution of the severed counts since the severance was granted at his request.
After a trial by jury, the defendant was acquitted of the manslaughter counts and convicted of the unclassified misdemeanor, reckless driving. The speeding count was not submitted to the jury. The trial of the remaining counts — charging intoxicated driving — is about to commence and has occasioned the instant motion.
The defendant contends:
(1) that the trial strategy of the prosecution has triggered the doctrine of collateral estoppel and double jeopardy with regard to the remaining charges;
(2) that the defendant has not waived his right to raise these issues;
(3) that during the trial of the manslaughter charges, the prosecution specifically and deliberately presented the issue of the defendant’s intoxication to the jury;
(4) that the jury’s decision to acquit the defendant on all homicide counts necessarily involved a determination in the defendant’s favor on the issue of whether he was under the influence of alcohol; and
(5) that the People’s decision to proceed on the manslaughter charges did not toll the statute with regard to his right to a speedy trial on the intoxicated driving charges.
The People oppose the motion. They argue that former jeopardy and collateral estoppel are not applicable in the instant situation and that the speedy trial rules do not bar the People from prosecuting the remaining intoxicated driving counts.
The issue then is: should counts five and six, charging intoxicated driving be dismissed on the grounds of double jeopardy, collateral estoppel and violation of the speedy trial rules?
The court turns first to the defendant’s contentions concerning double jeopardy.
The prohibition against double jeopardy — that no person shall be twice put in jeopardy for the same offense — is embodied in the United States and New York State Constitutions. (See US Const, 5th Amdt; NY Const, art I, § 6.) New York State has codified the doctrine in CPL 40.20. In pertinent part, it states:
“1. A person may not be twice prosecuted for the same offense.
“2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
*119 “(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other”.
This exception to the double jeopardy prohibition is applicable in our case.
To establish the crime of manslaughter in the second degree, there must be proof that a defendant recklessly caused the death of another person. (See Penal Law, § 125.15.) To establish the crime of reckless driving, there must be proof that a defendant drove and used a motor vehicle in a manner which unreasonably interfered with the free and proper use of a public highway and unreasonably endangered users of the highway. (See Vehicle and Traffic Law, § 1190.) In contrast, to prove the crime of operating a motor vehicle while under the influence of alcohol, the People need only establish that the defendant operated a motor vehicle while he had .10 of one per centum or more by weight of alcohol in his blood (see Vehicle and Traffic Law, § 1192, subd 2) or that the defendant operated a motor vehicle while he was in an intoxicated condition. (See Vehicle and Traffic Law, § 1192, subd 3.) It is entirely possible that each of these crimes could be proven independently.
Counts five and six of the indictment differ from those already tried by reason of the intoxication element. This element would be the gravamen of the instant prosecution. Manslaughter, reckless driving and intoxicated driving have substantially different elements and the acts necessary to establish manslaughter and reckless driving are in the main clearly distinguishable from those needed to prove the other charges.
Double jeopardy is not applicable here. The court turns next to the issue which concerns collateral estoppel.
Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in any future lawsuit. (See Ashe v Swenson, 397 US 436.) Collateral estoppel is an essential part of the Constitution’s prohibition against double jeopardy.
The defendant’s claim is that the prosecution chose to offer evidence of intoxication at the trial of the manslaughter and reckless driving counts.
This evidence consisted of testimony that the defendant drank beer before the accident and had the odor of alcohol on his breath after the accident. In summation the prosecutor referred to this evidence. The defendant maintains that the jury’s acquittal on *120 the manslaughter counts and conviction on the reckless driving count necessarily involved a determination on the issue of intoxication.
There is nothing in the jury’s verdict that points to the conclusion that the issue of intoxication was determined one way or another. In acquitting the defendant on the four counts of manslaughter, the verdict means only that the People failed to prove beyond a reasonable doubt all elements of these charges. Intoxication is not an element of manslaughter. In convicting the defendant of reckless driving, the jury found that the District Attorney proved all elements of the crime beyond a reasonable doubt. Intoxication is not an element of reckless driving. The court precluded the People from introducing evidence of blood alcohol levels at the trial of the manslaughter and reckless driving counts.
Collateral estoppel lies only when a court can point with certainty that the issue in question was necessarily determined in a prior proceeding. It is illogical to contend that driving while intoxicated is necessarily subsumed in the manslaughter or reckless driving verdicts. There is no identity of issues which would trigger the collateral estoppel doctrine.
The third issue to which the court now turns concerns whether or not the defendant has waived any double jeopardy claim. To decide this issue, the court must assume, for the purpose of argument only, that such a claim exists.
Double jeopardy stands as a constitutional and statutory barrier against tyranny by an overzealous prosecutor. (See Ashe v Swenson, supra, at p 456.) That is the basic foundation for double jeopardy. There is no such tyranny in our situation.
In the instant case, all charges were originally contained in one indictment. The defendant was informed at one time of all the charges on which he was to be tried and he could prepare his defense accordingly. More importantly, it was the court, not the prosecutor, who decided that the charges were to be tried separately rather than jointly. (See Ashe v Swenson, supra, at p 455, n 11.)
It is true that the courts are encouraged to consolidate charges when justice, economy and convenience can be achieved. (See CPL 200.20; Fed Rules Crim Pro, § 8 [in US Code, tit 18, Appendix].) However, it is well recognized that separate trials by court order are required when joinder would be prejudicial. (See CPL 200.20, subd 5; Fed Rules Crim Pro, § 14 [in US Code, tit 18, Appendix].)
*121 It was evident to this court that the Penal Law and traffic law charges could not be tried together without severe prejudice to the defendant. The record during the defendant’s response to the People’s motion for reconsolidation clearly demonstrates that severance was not an invention of the court but was granted, if not on the insistence of, at least with the consent of the defendant.
Although a defendant is normally entitled to have all charges resolved in one proceeding, there is no violation of double jeopardy when he chooses to have the two offenses tried separately. (See Jeffers v United States, 432 US 137, 152.) The State protection against double jeopardy can be waived. (See Matter of Barnes v Tofany, 27 NY2d 74.)
The defendant recognized the implications regarding double jeopardy in agreeing to separate trials, however, he vehemently embraced the court’s decision on severance. He cannot now be heard to complain of vexatious relitigation. (See People v Ercole, 4 NY2d 617, 621, 622.) Actively consenting and arguing for severance in the first instance and opposing the People’s motion for reconsolidation, the defendant has waived any double jeopardy claim.
Finally, the court addresses the defendant’s contention that he has been denied a speedy trial. There is no merit to this contention.
Pursuant to CPL 30.30 (subd 4, par [a]) this branch of the motion is denied. A request to dismiss based on CPL 30.20 is likewise denied. The defendant has failed to allege with specificity, that the delay has been so long that he has been deprived of his constitutional rights as a direct result of the delay.
The defendant’s motion is denied in all respects.