PATTERSON, Judge.
In December 1983, the Lauderdale County Grand Jury charged the appellant, Thig-pen, in a four-count indictment: two counts charged assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975, and two counts charged assault in the second degree in violation of § 13A-6-21. After being adjudged a youthful offender, Thigpen was sentenced to three years’ imprisonment for each count, with the sentences to run concurrently. These sentences were suspended and Thigpen was sentenced to probation for three years and to imprisonment for fifty-two consecutive weekends. It is from this adjudication and sentence that Thigpen appeals.
The issue of guilt was submitted to the trial court, on the following facts, to which the District Attorney and the defense attorney had stipulated, with any disagreement noted:
“On July 23, 1983, Defendant Trent Kadet Thigpen was operating a 1970 Chevrolet pickup truck. He drove to the Skate Center on Azalea Drive in Florence, Alabama, and picked up six (6) passengers. Defendant, with his six (6) passengers, drove to the access road off Florence Boulevard, commonly referred to as ‘The Strip’. While in route to the strip, defendant’s truck was involved in a near collision with a car driven by Michael Burgess. Mr. Burgess reported the near-accident by phone to the Florence Police. The Florence Police put out a radio message to its patrol units to be on the look-out for defendant’s truck.
“Defendant drove from the strip back to the Skate Center and let out one of his passengers. Defendant then drove back to the strip with his five (5) remaining passengers.
“Officer Alan Hill spotted defendant’s truck on the strip. Officer Hill saw defendant commit what he deemed to be the traffic infraction of improper lane usage. Officer Hill turned on the emergency lights of his patrol car and defendant stopped his truck in response. Officer Hill pulled in behind defendant and stopped his patrol car. As Officer Hill was exiting his patrol car, the defendant drove off at a high rate of speed.
“Officer Hill gave chase. The chase proceded east on Highway 72 and reached speeds of 115 miles per hour or more. [Defendant claims that to his knowledge the speed never reached an *48 excess of 100 miles per hour, if that fast, and that his one-half ton pickup truck with a standard small V8 engine would not exceed 100 miles per hour under any circumstances.] A St. Florian patrol unit heard about the chase on its radio and was requested to help in the apprehension of defendant. Officer Bill Hendrix was the driver of the St. Florian patrol car. Passengers were Officers Dwight Angel and Joe Gans.
“Officer Hill pulled his patrol car onto Highway 72 east, turned on his emergency lights and accelerated in an attempt to force defendant to stop by means of a rolling road block.
“Defendant ran into the rear of the St. Florian patrol car at a high rate of speed and injured all three St. Florian officers. [Defendant claims that he never saw the car until impact because he was observing through the rearview mirror the vehicle chasing him. He further asserts that Officer Hendrix testified in the transfer hearing that he changed lanes to put his police car squarely in defendant’s path.] Officer Hendrix was injured slightly, but Officers Angel and Gans were injured badly, both having broken bones that demanded surgery.
“Defendant, Trent Kadett Thigpen, was charged with Driving Under the Influence and Attempting to Elude. He has entered a plea of guilty to both of those charges.”
I
Thigpen timely submitted a plea of former jeopardy. This plea averred that Thig-pen had already been convicted in the Florence municipal court for the misdemeanor offenses of driving under the influence and attempting to elude a police officer. These prior convictions arose out of and were based on the same occurrence upon which the assault charges were founded. Thig-pen now contends that the trial court erred in denying this plea of former jeopardy, arguing that his previous convictions barred his assault prosecutions.
As noted by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), the constitutional prohibition against double jeopardy consists of three separate constitutional guarantees: (1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after a conviction; and (3) protection against multiple punishments for the same offense. In the instant ease, we are concerned with the second protection and thus our determination is whether either the offense of driving while under the influence or the offense of attempting to elude the police is the “same offense” for double jeopardy purposes as the assault charges brought against Thigpen. See Illinois v. Vitale, 447 U.S. 410, 415-16, 100 S.Ct. 2260, 2264-65, 65 L.Ed.2d 228 (1980).[1]
“ ‘The test to determine whether successive prosecutions impermissibly involve the same offense under the double jeopardy clause was laid out by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).
“ ‘ “(W)here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.”
“ ‘This test is satisfied if each offense requires the proof of a fact that the other does not, even though there may be a substantial overlap in the proof offered to establish the crimes. Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), quoting Iannelli v. United States, 420 U.S. 770, 785, *49 n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975).’ ”
Rowell v. State, 447 So.2d 193, 195-96 (Ala.Cr.App.1983), writ quashed, 447 So.2d 196 (Ala.1984), quoting Brown v. Alabama, 619 F.2d 376, 378 (5th Cir.1980).
In the instant case, Thigpen was charged by counts one and two with the reckless-assault-in-the-first-degree alternative contained in § 13A-6-20(a)(3), which reads as follows: “A person commits the crime of assault in the first degree if ... [u]nder circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person.” He was also charged by counts three and four with the reckless-assault-in-the-second-degree alternative contained in § 13A-6-21(a)(3), which reads as follows: “A person commits the crime of assault in the second degree if ... [h]e recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.”
Section 32-5A-191 proscribes driving under the influence by making it unlawful for a person to “drive or be in actual physical control of any vehicle” while under the influence of alcohol or under the influence of a controlled substance, a combination of alcohol and a controlled substance, or any substance if the influence is “to a degree which renders him incapable of safely driving.” Section 32-5A-193 proscribes fleeing or attempting to elude a police officer and reads, in part, as follows: “Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor.”
An examination of each of these statutory provisions reveals that each statute requires proof of an additional element which the other statutes do not; thus the offenses are not the same under the Block-burger test and Thigpen’s prosecution for the assault offenses was not barred by the prohibition against double jeopardy. Furthermore, Illinois v. Vitale, is distinguishable from the instant case, since neither the offense of driving under the influence nor the offense of fleeing or attempting to elude the police is a lesser included crime of either degree of assault as a matter of law, nor was it necessary for the prosecution to rely on the conduct constituting driving under the influence or attempting to elude a police officer to establish its assault cases. See Rowell v. State, 447 So.2d at 196. The general proof necessary to establish the additional offenses of assault was that Thigpen acted recklessly and that the reckless conduct caused serious physical injury. This element of acting recklessly was sufficiently sustained by the proof that Thigpen was driving in excess of 100 miles per hour prior to impact and that, at the time of impact, he was driving at a “high speed.”
II
Thigpen’s remaining arguments for reversal are as follows: (1) he was denied his constitutional right to due process because the misdemeanor charges and the felony charges were not joined and brought in the circuit court, and (2) he was further denied his right to due process by prosecu-torial vindictiveness, suggested by the prosecution’s instigation of the felony charges after he had pleaded guilty to the misdemeanor charges. However, neither issue was presented in the trial court. As we noted in Hand v. State, [Ms. 1 Div. 653, April 24, 1984] (Ala.Cr.App.1984):
“In Fuller v. State, 269 Ala. 312, 113 So.2d 153 (1959), the Alabama Supreme Court held that before an appellate court will review an alleged violation of one’s constitutional rights, it must first be ‘raised seasonably in the trial court.’ This court has consistently followed this ruling.” (Citations omitted)
Accordingly, neither issue is preserved for our review.
*50 The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. The question in Vitale was "whether the Double Jeopardy Clause of the Fifth Amendment prohibits the State of Illinois (State) from prosecuting for involuntary manslaughter the driver of an automobile involved in a fatal accident, who previously has been convicted for failing to reduce speed to avoid the collision." 447 U.S. at 411, 100 S.Ct. at 2262.