Appellant, Ronald A. Sporl, was arrested for driving under the influence of alcohol (D.U.I.) in violation of § 32-5A-191, Code of Alabama 1975, and reckless driving in violation of §32-5A-190, on February 16, 1984. The Hoover Municipal Court found appellant guilty of both offenses on April 10, 1984, and said ruling was appealed to the Jefferson Circuit Court. Appellant subsequently withdrew his reckless driving appeal and paid the fine imposed by the Municipal Court. On September 17, 1984, the Jefferson Circuit Court found appellant guilty of D.U.I. and fined him $250 plus *Page 274 
court costs and suspended him from driving a motor vehicle for six months.
The parties have stipulated to the facts and there is no dispute concerning the sufficiency of the evidence to support a conviction for D.U.I. and/or reckless driving. There is no need for this court to review the facts of this case. Only one issue of law has been raised, and our consideration of that issue does not require a statement of the facts.
The question presented for review is: Whether constitutional and statutory protections against double jeopardy bar an accused from being prosecuted for both D.U.I. and reckless driving when both charges arise from the same event. We answer in the negative.
Appellant relies on § 15-3-8, Code of Alabama 1975, and two prior cases from our Court of Appeals, Trawick v. City ofBirmingham, 23 Ala. App. 308, 125 So. 211 (1929), and Landers v.State, 26 Ala. App. 506, 162 So. 550 (1935), to support his contention. Section 15-3-8 reads as follows:
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision. (Code 1923, § 5204; Code 1940, T. 15, § 287.)"
In Baldwin v. State, 47 Ala. App. 136, 141, 251 So.2d 633 (1971) (quoting Brown v. State, 30 Ala. App. 27, 200 So. 630, cert. denied, 240 Ala. 589, 200 So. 634 (1941)) (interpreting prior Title 15, § 287, Code of Alabama 1940, which is identical to the present statute), this court stated:
 "As we see it, the established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second."
We have recently addressed this same issue in Thigpen v.State, 461 So.2d 46 (Ala.Crim.App. 1984), wherein we relied onBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932), to hold that D.U.I. and attempting to elude the police were not the "same offense," for double jeopardy purposes, as an assault arising out of the same series of events.
 "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."
Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. This court's interpretation of § 15-3-8, for double jeopardy purposes, is consistent with the United States Supreme Court's holding inBlockburger. See also Brown v. State, 619 F.2d 376 (5th Cir. 1980); Rowell v. State, 447 So.2d 193 (Ala.Crim.App. 1983), writ quashed, 447 So.2d 196 (Ala. 1984).
It is clear that D.U.I. and reckless driving are two separate and distinct criminal offenses which do not require the same elements of proof. A person violates § 32-5A-190 when he/she "drives any vehicle carelessly and heedlessly in a willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property. . . ."
Section 32-5A-191 proscribes driving under the influence by making it unlawful for a person to "drive or be in actual physical control of any vehicle" while under the influence of alcohol or a controlled substance or a combination of the two, or any *Page 275 
substance if the influence is "to a degree which renders him incapable of safely driving." See Thigpen, 461 So.2d at 49. The legislature has expressly determined that reckless driving is not a lesser included offense of D.U.I. § 32-5A-190 (c), Code of Alabama, (1975).
Each statute requires differing proof in order to obtain a conviction. The consumption of alcohol or a controlled substance plays no role in a prosecution of reckless driving, even though a state of intoxication may be the underlying reason for an accused's criminal conduct, the intoxication does not act to excuse or mitigate the conduct, nor does it ease the State's burden of proof. Similarly, the fact that an accused has driven "recklessly," as that term is defined by the statute, is no proof that he drove under the influence of alcohol, although the recklessness of his driving may have been the activity which brought him to the arresting officer's attention. The Blockburger "test is satisfied if each offense requires the proof of a fact that the other does not, even though there may be a substantial overlap in the proof offered to establish the crimes." Brown v. Alabama, 619 F.2d at 378 (quoted with approval in Rowell v. State, supra). Reckless driving requires proof that the vehicle was driven in willful and wanton disregard for the safety of others under circumstances that show a complete indifference for the probable consequences of such conduct. D.U.I. does not require this element of proof. In order to convict for D.U.I., the State must affirmatively establish that the accused operated a vehicle while his mental or physical capacity to function was impaired by alcohol or drugs to the extent that he was no longer capable of safely driving his vehicle. Reckless driving does not require proof of this element. Proof of this element does not establish that a person guilty of D.U.I. is also guilty of reckless driving, without additional elements being proven. We recognize that some would argue that one who drives under the influence of alcohol is also necessarily engaging in reckless driving. We find the Kansas Supreme Court's discussion of this point in State v. Mourning, 233 Kan. 678, 664 P.2d 857,861 (1983), to be persuasive on this point; wherein it was stated:
 "An argument can be advanced that any time a person under the influence of alcohol or drugs operates a vehicle he does so in willful or wanton disregard for the safety of others. Under such reasoning any time a person was guilty of driving under the influence of alcohol or drugs he would also necessarily be guilty of reckless driving and therefore the offense of reckless driving would constitute a `crime necessarily proved if the crime charged were proved.' (K.S.A. 21-3107[2][d].) However, it is merely the driving of a vehicle while under the influence of alcohol or drugs which is proscribed by 8-1567. One does not need to swerve all over the road or drive through another's yard to be guilty of driving under the influence of alcohol or drugs. While a person under the influence of alcohol may actually drive in a straight line in the proper lane of traffic down the street, although incapable of safely operating the vehicle in accordance with traffic regulations that may be encountered, a person guilty of reckless driving is able to safely control his vehicle but, in willful or wanton disregard for the safety of others, does not do so. It is evident that a person guilty of driving under the influence of alcohol is not necessarily guilty of driving in reckless disregard for the safety of others."
Therefore, under Blockburger and Baldwin double jeopardy will not bar a prosecution for both D.U.I. and reckless driving arising out of the same events.
Appellant correctly cites the case of Trawick v. City ofBirmingham, supra, and Landers v. State, supra, in support of his contention that he cannot be prosecuted for both D.U.I. and reckless driving. Trawick was decided before the decision inBlockburger. Landers was decided without regard to Blockburger.
Both cases were decided before the legislature clarified the status of reckless driving as not being a lesser included offense of D.U.I. *Page 276 
Therefore, we do not deem Trawick and Landers controlling on the point at issue and expressly overrule the holdings in that regard.
The decision of this court today is not unique. Other states have also determined that D.U.I. and reckless driving are separate offenses with clearly distinguishable elements even when arising out of the same events. Most recently, in Peoplev. McHugh, 126 Misc.2d 116, 481 N.Y.S.2d 222 (Sup.Ct. 1984), the New York Supreme Court was confronted with an almost identical question of double jeopardy. That court held that "[m]anslaughter, reckless driving and intoxicated driving have substantially different elements" and double jeopardy was therefore not applicable to the issue presented. Id.
481 N YS.2d at 225. In State v. Mourning, supra, the Supreme Court of Kansas determined that double jeopardy did not bar a prosecution for D.U.I. when the defendant had been previously convicted for reckless driving arising out of the same conduct. The court cited substantial authority for this position (which will not be recited here). Id. 664 P.2d at 861.
In the case sub judice the appellant seeks to avoid the harsher results of a D.U.I. conviction by paying a fine and dismissing his appeal from the reckless driving conviction. The practical consequences of allowing such a result would circumvent the purpose for which the laws in question were enacted, i.e, the protection of the public at large from dangerous vehicular conduct.
For the reasons stated herein, this case is due to be, and is hereby, affirmed. The holdings expressed in Trawick v. City ofBirmingham, supra, and Landers v. State, supra, insofar as they conflict with this opinion, are overruled.
AFFIRMED.
All Judges concur. *Page 680