The State of Alabama appeals from the trial court's ruling that the prosecution of the instant case is barred by double jeopardy considerations. See A.R.Crim.P.Temp. 17. We reverse.
On April 28, 1985, appellee was involved in a two-vehicle accident which resulted in injuries to Leilani Lockett. Appellant was subsequently charged with and convicted of driving while under the influence of alcohol (D.U.I.), in violation of § 32-5A-191, Code of Alabama 1975. Following this D.U.I. conviction, the Grand Jury of Autauga County returned an indictment charging a violation of assault in the first degree, arising from the same factual circumstances giving rise to the D.U.I. conviction. The indictment, in pertinent part, reads, as follows:
 ". . . James Leon McGaughy . . . did, under circumstances manifesting extreme indifference to the value of human life, recklessly engage in conduct which created a grave risk of death to another person and did thereby cause serious physical injury to Leilani Lockett by driving or operating a motor vehicle while under the influence of alcohol and by driving said motor vehicle over, against or into another vehicle in which the said Leilani Lockett was riding, in violation of section 13A-6-20(a)(3), Code of Alabama, 1975. . . ."
On October 21, 1986, appellee filed a motion to dismiss the indictment on the ground that he had previously been convicted of the same act charged in the above quoted indictment. This motion was accompanied by a stipulation of facts entered into by defense counsel and an assistant district attorney for the Nineteenth Judicial Circuit. This stipulation provides, in pertinent part, as follows:
 "4. The Autauga County Grand Jury in the spring of 1986 charged the Defendant with assault under Alabama Code Section 13A-6-20(a)(3).
 "5. This indictment alleged that the defendant assaulted Leilani Lockett by . . . 'recklessly engaging in conduct which manifested a grave risk of death to another person . . . by driving or operating a motor vehicle while under the influence of alcohol. . . .'
 "6. This indictment for Assault was a result of the same transaction and occurrence that gave rise to the Prattville Municipal Court charge of Driving under the Influence.
 "7. The indictment alleges and the State of Alabama intends to rely on the Defendant's driving under the influence to establish the 'reckless conduct' alleged in the indictment. This driving under the influence upon which the State will rely to prove its case is the same driving under the influence occurrence upon which the Prattville Municipal Court charge was based."
The trial court granted appellee's motion, stating that prosecution of the indictment would result in a double jeopardy violation, as well as a violation of § 15-3-8, Code of Alabama 1975.
The test in Alabama for determining whether there has been a double jeopardy violation for separate charges arising out of a single occurrence is "whether each provision requires proof of an additional fact which the other does not." Sporl v. Cityof Hoover, 467 So.2d 273, 274 (Ala.Cr.App. 1985) (quotingBlockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180,182, 76 L.Ed. 306 (1932)). In Sporl, we concluded that our interpretation of § 15-3-8 "for double jeopardy purposes, is consistent with the United States Supreme Court's holding inBlockburger." Id. The interplay between § 15-3-8 andBlockburger was thoroughly addressed in Sporl and will not be reiterated here. See Sporl, 467 So.2d at 274. We will, therefore, apply a Blockburger analysis to § 13A-6-20(a)(3) and § 32-5A-191 to determine if they constitute *Page 401 
the "same offense" for double jeopardy purposes.[1]
As stated in Illinois v. Vitale, 447 U.S. 410, 416,100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980),
 "the Blockburger test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial. Thus we stated that if 'each statute requires proof of an additional fact which the other does not' . . . the offenses are not the same under the Blockburger test."
It has been clearly established that, under aBlockburger analysis, when a person has been convicted of a crime having several elements included in it, he may not subsequently be tried for a lesser included offense, i.e., "an offense consisting solely of one or more of the elements of the crime for which he has already been convicted," and conversely, "a conviction on a lesser-included offense bars subsequent trial on the greater offense." Vitale, 447 U.S. at 421,100 S.Ct. at 2267.
Assault in the first degree, as defined by § 13A-6-20(a)(3), requires that the State prove that, "under circumstances manifesting extreme indifference to the value of human life, [the accused] recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] serious physical injury to any person." D.U.I., as defined by §32-5A-191, requires the State to prove that an accused drove or was in "actual physical control of any vehicle" while under the influence of alcohol or a controlled substance or a combination of the two or while under the influence of any substance if the influence was "to a degree which render[ed] him incapable of safely driving." See Thigpen v. State, 461 So.2d 46, 49
(Ala.Cr.App. 1984).
Applying Blockburger's focus on the proof necessary to establish the statutory elements of each offense, we are convinced that differing statutory elements are required to be proven in order to obtain a conviction under the two provisions. Cf. Sporl, 467 So.2d at 274-75, for a Blockburger
analysis, as it relates to recklessness in reckless driving and D.U.I. In our opinion, the real problem in the instant case is appellee's contention that the State seeks to use the evidence of driving under the influence as the sole evidence of recklessness to sustain the assault charge. A review of Vitale
is helpful in understanding appellee's contention.
In Vitale, the defendant was involved in an automobile accident which resulted in the death of two children.447 U.S. at 411, 100 S.Ct. at 2262. At the scene of the accident, Vitale was issued a traffic citation charging him with "failing to reduce speed to avoid an accident." Id. at 411,100 S.Ct. at 2262. Vitale was convicted of this offense and sentenced to pay a $15 fine. Id. The day following his conviction for the traffic offense, Vitale was charged with two counts of involuntary manslaughter. Id. at 413, 100 S.Ct. at 2263. Vitale filed a motion to dismiss the manslaughter charges on the ground that they were violative of the protection against double jeopardy. Id. The Supreme Court of Illinois held that "the lesser offense, failing to reduce speed, requires no proof beyond that which is necessary for conviction of the greater, involuntary manslaughter, . . . for purposes of the double jeopardy clause, the greater offense is by definition the 'same' as the lesser offense included within it." In re Vitale, 229, 239, 16 Ill.Dec. 456, 460, 375 N.E.2d 87, 91 (1978) (quoted in Vitale, 447 U.S. at 414, 100 S.Ct. at 2264). The United States Supreme Court noted that the dissenting justices argued that the manslaughter charges were not barred by double jeopardy considerations because "the homicide charge could be proven by showing one or more reckless acts other than the failure to reduce speed." 447 U.S. at 415, 100 S.Ct. at 2264. The Court, applying a Blockburger analysis to the statutory *Page 402 
elements of each offense, stated the following:
 "The Illinois Supreme Court did not expressly address the contentions that manslaughter by automobile could be proved without also proving a careless failure to reduce speed, and we are reluctant to accept its rather cryptic remarks about the relationship between the two offenses involved here as an authoritative holding that under Illinois law proof of manslaughter by automobile would always involve a careless failure to reduce speed to avoid a collision.
 "Of course, any collision between two automobiles or between an automobile and a person involves a moving automobile and in that sense a 'failure' to slow sufficiently to avoid the accident. But such a 'failure' may not be reckless or even careless, if, when the danger arose, slowing as much as reasonably possible would not alone have avoided the accident. Yet, reckless driving causing death might still be proved if, for example, a driver who had not been paying attention could have avoided the accident at the last second, had he been paying attention, by simply swerving his car. The point is that if manslaughter by automobile does not always entail proof of a failure to slow, then the two offenses are not the 'same' under the Blockburger test. The mere possibility that the State will seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution." ("Moving emphasized in original; other emphasis added.)
Id. at 419, 100 S.Ct. at 2266-2267. The Court then continued, as follows:
 "If, as a matter of Illinois law, a careless failure to slow is always a necessary element of manslaughter by automobile, then the two offenses are the 'same' under Blockburger and Vitale's trial on the latter charge would constitute double jeopardy under Brown v. Ohio, [432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)]." (Footnote omitted.)
Id. at 419-20, 100 S.Ct. at 2267. The Court further explained, however, that "if in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution." Id. at 421, 100 S.Ct. at 2267. (Emphasis added.) The case was then remanded to the Illinois Supreme Court because of doubts concerning the relationship between the two crimes under Illinois law, and "because the reckless act oracts the State will rely on to prove manslaughter are stillunknown." Id. (Emphasis added.)
Although we find that, under Blockburger, the two offenses in the instant case are distinct and separate offenses, as we readVitale, if the D.U.I. constitutes the State's sole evidence of reckless conduct necessary to establish a violation of §13A-6-20(a)(3), then appellant would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments. Were we to very narrowly read the stipulation contained in the instant case, we would be obliged to uphold the trial court's ruling. However, we do not subject the stipulation to such a strict interpretation, for it can be inferred from the indictment that the State has additional proof of recklessness, in that appellant is alleged to have driven his vehicle "over, against or into another vehicle." Therefore, we assume that the State did not enter into the stipulation upon the basis that the D.U.I. is the sole evidence of recklessness; rather, as was stated in the stipulation, the State intends to rely on the D.U.I., but not necessarily to the exclusion of other evidence. While the indictment appears to support the theory that the State has additional evidence of recklessness, we do not have before us sufficient facts to so conclude. We, therefore, remand this case to the trial court to allow the State an opportunity to submit to the trial court additional evidence, if any, upon which it will rely in seeking to establish recklessness. After the State has been afforded this opportunity, the trial court is instructed to take further action not inconsistent *Page 403 
with this opinion. We, therefore, reverse the judgment of the trial court and remand this case for such further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] This court has previously applied a Blockburger analysis inSporl to conclude that D.U.I. and reckless driving are two separate and distinct criminal offenses; and in Thigpen v.State, 461 So.2d 46 (Ala.Cr.App. 1984), to conclude that D.U.I. and attempting to elude the police are two separate and distinct criminal offenses, for double jeopardy purposes.