On Return to Remand

PATTERSON, Judge.
On remand, in following this court’s instruction to give the State “an opportunity to submit to the trial court additional evidence, if any, upon which it will rely in seeking to establish recklessness” in its prosecution of appellant for assault in the first degree, the trial court held a hearing and ruled, in part, the following:
“2) The State of Alabama, by admission of the Assistant District Attorney, entered into the prior stipulation of facts in this case with the belief that Driving Under the Influence was the sole act of recklessness involved. It was only after remand by the Court of Criminal Appeals that the State of Alabama became aware *1135 of acts of possible other recklessness. The Court finds that the State of Alabama is bound by its prior stipulation in this case even though the word ‘exclusive’ is not contained therein.
“Based on this stipulation and this finding the Court further finds that the constitutional proscription of double jeopardy bars the State of Alabama from proceeding to trial in this case.”
This finding and ruling are based on the State’s candid admission that “at the time the state entered into that stipulation the DUI was the only act of recklessness that the state was aware of.” However, our remand was based upon the assumption that “the State did not enter into the stipulation upon the basis that the D.U.I. is the sole evidence of recklessness.” The record has been clarified on remand and, upon this clarifiation, we find that any prosecution on the instant indictment is barred by double jeopardy considerations. Accordingly, we affirm the trial court’s dismissal of the indictment.
OPINION EXTENDED; AFFIRMED.
All Judges concur.