MADDOX, Justice.
Robert Wayne Coleman seeks a writ of prohibition barring the State from trying him for murder and assault. He seeks the writ on the ground that he has already been tried and convicted on a charge of driving under the influence of alcohol arising out of the same incident, and that the State’s prosecution of him on the reckless murder and assault charges would therefore constitute double jeopardy under the principles of law set forth in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).[1]
Coleman was involved in an automobile accident on May 13, 1988. As a result of *456 that accident, one person was injured and another was killed. On August 29, 1988, Coleman was convicted of driving under the influence of alcohol, a misdemeanor. Subsequently, he was indicted for reckless murder and assault under the provisions of Ala.Code 1975, §§ 13A-6-2(a)(2) and 13A-6-20, respectively.
Petitioner seeks a writ of prohibition to bar these prosecutions on the ground that they place him in jeopardy again for the same offense, in that he has already been convicted of driving under the influence of alcohol, an offense arising out of the same accident. He contends that the State will use evidence of the same conduct that it used to prove the elements of the driving under the influence offense in order to prove the murder and assault charges, and he contends that he will be required to defend himself against this D.U.I. charge again. This, he insists, would place him in double jeopardy.
In Grady v. Corbin, the principal case relied upon by Coleman, the defendant pleaded guilty to a charge of driving while intoxicated and to a charge of failing to keep to the right of the median, both misdemeanors. Subsequently, he was charged by indictment with reckless manslaughter, criminally negligent homicide, and third-degree reckless assault. These charges were based on the same incident that had given rise to the misdemeanor charges. The Supreme Court held that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the State will prove conduct that constitutes an offense for which the defendant has already been prosecuted, and the Court specifically noted that the State, “[b]y it own pleadings, [had] admitted that it will prove the entirety of the conduct for which Corbin was convicted — driving while intoxicated and failing to keep right of the median — to establish essential elements of the homicide and assault offenses.” [2] 495 U.S. at-, 110 S.Ct. at 2094.
The Court specifically held:
“This holding would not bar a subsequent prosecution on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (i.e., if the State relied solely on Corbin’s driving too fast in heavy rain to establish recklessness or negligence).”
Grady v. Corbin, 495 U.S. at -, 110 S.Ct. at 2094.
Arguably, the Corbin case is controlling, and we should grant the writ. However, we find one characteristic distinguishing the Corbin case from Coleman’s case. In Corbin, the State admitted that it would prove, in the subsequent prosecutions, the same conduct for which the defendant had already been convicted.
Although a writ of prohibition would be an appropriate remedy for the vindication of the right claimed by the petitioner,[3] we hold that he has not clearly shown that he is entitled to the writ at this time. Clearly, he has failed to show with the same specificity shown by the petitioner in Cor-bin that the State will be unable to prove the subsequent prosecutions without proving once again the same conduct that led to his conviction for driving under the influence of alcohol. Consequently, we hold that Coleman has failed to show that his prosecution on the reckless murder and assault charges would violate the Double Jeopardy Clause of the Fifth Amendment as applied to the state through the Due Process Clause of the Fourteenth Amendment, or would violate § 9 of the Alabama Constitution of 1901. We reach this conclusion by analyzing the law of double jeop *457 ardy as we understand it, considering particularly the Grady v. Corbin case.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court set out the test to be used in determining whether the Double Jeopardy Clause has been violated. In that case, the Supreme Court held:
“The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.”
Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. In establishing that test, the Supreme Court adopted the language used by the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433 (1871):
“A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.”
The Alabama Court of Criminal Appeals adopted the Blockburger analysis as it relates to double jeopardy claims in Thigpen v. State, 461 So.2d 46 (Ala.Cr.App.1984). The court held in that case that D.U.I. and attempting to elude the police were not the same offense, for double jeopardy purposes, as an assault arising out of the same series of events. In Sporl v. City of Hoover, 467 So.2d 273 (Ala.Cr.App.1985), the Court of Criminal Appeals held that D.U.I. and reckless driving are two separate and distinct offenses that do not require the same elements of proof; therefore, the defendant in that case was not placed in double jeopardy when he was tried for both offenses.
Alabama Code 1975, § 13A-6-2(a)(2), the Code section under which the petitioner was indicted, provides:
“(a) A person commits the crime of murder if:
[[Image here]]
“(2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person.”
In Ex parte Weems, 463 So.2d 170 (Ala. 1984), this Court held:
“Under Alabama law, an accidental killing may support a conviction for murder, manslaughter, or negligent homicide, depending on the circumstances of the case. An accidental death may constitute murder if, ‘[ujnder circumstances manifesting extreme indifference to human life, [the defendant] recklessly engages in conduct which creates a grave risk of death’ to the victim and thereby causes the victim’s death.”
463 So.2d at 172. Such murders include “those homicides caused by such acts as driving an automobile in a grossly wanton manner.” Patterson v. State, 518 So.2d 809, 815 (Ala.Cr.App.1987), quoting and citing earlier cases; Northington v. State, 413 So.2d 1169 (Ala.Cr.App.1982), cert. quashed, 413 So.2d 1172 (Ala.1982); and Commander v. State, 374 So.2d 910 (Ala. Cr.App.1978), cert. quashed, 374 So.2d 921 (Ala.1979).
We find unpersuasive the petitioner’s argument that the State must prove the charge of reckless murder by a “totality of the circumstances” and, therefore, would be required to prove the petitioner’s intoxication in order to establish its case. While it is possible to establish reckless conduct by proving a driver’s intoxication (see Jolly v. State, 395 So.2d 1135 (Ala.1981)), it is not necessary to prove this fact in order to prove murder. The State could prove its case by showing that the petitioner was driving on the wrong side of a divided four-lane highway at night without lights.
In Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), a juvenile was convicted of failure to reduce speed in order to avoid an accident, in violation of an Illinois statute. Subsequently, based on the same conduct alleged to have caused the accident, he was charged with involuntary manslaughter under another Illinois *458 statute. The Illinois Supreme Court held that the prosecution for involuntary manslaughter constituted a violation of the Double Jeopardy Clause of the Fifth Amendment as applied to the State through the Due Process Clause of the Fourteenth Amendment, but the United States Supreme Court reversed and remanded the case, opining that each Illinois statute required proof of an element that the other did not. The Supreme Court further held that the mere possibility that the State would seek to rely on all of the elements necessarily included in the traffic offense, of which the defendant had been previously convicted, would not be sufficient to bar a subsequent manslaughter prosecution. A case of double jeopardy would arise only if the State, in fact, found it necessary, in the subsequent trial for manslaughter, to prove that the failure to reduce speed, for example, was the cause of the homicide.
After reviewing Blockburger, Vitale, and Grady, we hold that Coleman has failed to show that he is entitled to extraordinary relief, because he has not shown that the State, in order to prove the reckless murder and assault charges, will have to prove that he was driving under the influence of alcohol. We do not think Grady v. Corbin requires a different holding.
WRIT DENIED.
HORNSBY, C.J., and STEAGALL, KENNEDY and INGRAM, JJ., concur.
ADAMS and HOUSTON, JJ., dissent.

. There was a strong disagreement on the Supreme Court in Grady v. Corbin. Justice O’Con-nor filed a dissenting opinion, and Justice Sca-lia, with whom Chief Justice Rehnquist and Justice Kennedy joined, wrote a long dissent in which he stated that the majority had departed from the principles set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. A bill of particulars identified the three reckless or negligent acts on which the prosecution would rely to prove the charges: (1) operating a motor vehicle on a public highway in an intoxicated condition; (2) failing to keep right of the median; and (3) driving at a speed too fast for the weather and road conditions.

. The writs of mandamus and prohibition are extraordinary remedies and will not issue unless there is no other adequate remedy. The writ of prohibition is proper for the prevention of a usurpation or abuse of power when a judge or court undertakes to act in a manner in which he or it has no jurisdiction. Ex parte Strickland, 401 So.2d 33 (Ala.1981).