Graylon Lewis Johnson was indicted for reckless manslaughter, a violation of § 13A-6-3, Ala. Code 1975, and for driving under the influence of alcohol ("DUI"), a violation of § 32-5A-191(a)(2), Ala. Code 1975, made a felony pursuant to § 32-5A-191(h), Ala. Code 1975. Johnson pleaded guilty to criminally negligent homicide, a violation of § 13A-6-4, Ala. Code 1975, as a lesser-included offense of reckless manslaughter, and to felony DUI. He was sentenced, as a habitual felony offender, to life imprisonment for the criminally-negligent-homicide conviction and to 10 years' imprisonment for the felony-DUI conviction.
This appeal was originally submitted by Johnson's appointed counsel's filing a "no-merit" brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967).[1] However, upon our review of the record, we noticed an issue arguable on its merits that warranted further briefing. We granted Johnson's counsel's motion to withdraw, appointed new counsel to represent Johnson, and requested that the parties file briefs addressing the following issue:
 "Whether, under the facts of this case, driving under the influence of alcohol was a lesser-included offense of criminally *Page 139 
negligent homicide, pursuant to § 13A-6-4(c), Ala. Code 1975, and, if so, whether the conviction for driving while under the influence is due to be reversed under the rationale of Salva v. State, 885 So.2d 231 (Ala.Crim.App. 2003); and State v. McGaughy, 505 So.2d 399 (Ala.Crim.App. 1987)."
After considering the arguments presented by the parties, we conclude that, under the facts in this case, DUI is a lesser-included offense of criminally negligent homicide and, thus, that Johnson's conviction for DUI violates double-jeopardy principles.
Count I of the indictment charged that Johnson
 "did recklessly cause the death of Charles Anthony Johnson by, to-wit: operating his motor vehicle under the influence of alcohol, thereby losing control of said motor vehicle and hitting a utility pole, thereby causing the death of said Charles Anthony Johnson, in violation of Section 13A-6-3 of the CODE OF ALABAMA."
(C. 6.) Count II of the indictment charged that Johnson
 "did unlawfully drive or was in actual physical control of a vehicle, on, to-wit: April 20, 2002, while under the influence of alcohol, having three previous convictions of DUI, in violation of Section 32-5A-191(h) of the CODE OF ALABAMA."
(C. 6.) At the guilty-plea colloquy, Johnson consented to the State's amending Count I of the indictment to charge "a Class C felony, being criminally negligent homicide caused by a driver of a vehicle who is in violation of the DUI statute" (R. 2),[2] and the prosecutor set forth the factual basis for the plea as follows:
 "[O]n April 20th of 2002, at approximately 8:35 in the evening, [Johnson] was a driver of a 1986 Pontiac Firebird which was proceeding eastbound on U.S. 72. He was driving his passenger, Charles Anthony Johnson, to a residence in Guntersville. As he was proceeding on that road the vehicle in front of him turned on its turn signal indicating a turn onto Moon Town Road. [Johnson] did not make [an] evasive maneuver from that vehicle until he was immediately upon that vehicle. Witnesses described him [as] swerving over into the left-hand lane to pass the vehicle and avoid hitting it and then swerving back to the right. [Johnson's] Firebird with the T-tops were out. The Firebird went airborne during one flip as it left U.S. 72 proceeding down an embankment toward a telephone pole. It then struck the pole and slid to its eventual resting place. [Johnson] was pinned under the driver's seat. The passenger, Tony Johnson, was thrown from the vehicle and was killed as a result of the collision. [Johnson] was eventually pried from the vehicle by emergency medical personnel. He was taken to Huntsville Hospital. Tina Simon took a blood sample from [Johnson] at 9:30 that evening that was given to Trooper Chris Hall [who] forwarded it to the Alabama Department of Forensic Sciences. They tested [the blood sample] and determined that the blood alcohol level was .225. The blood alcohol in his urine was .1668. All the events described here occurred in Madison County."
(R. 12-13.)
Section 13A-1-8(b)(1), Ala. Code 1975, provides: *Page 140 
 "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . . [o]ne offense is included in the other, as defined in Section 13A-1-9."
Section 13A-1-9(a)(1), Ala. Code 1975, provides:
 "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if . . . [i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged."
In State v. McGaughy, 505 So.2d 399 (Ala.Crim.App. 1987), the appellant was convicted of DUI; he was later indicted for first-degree assault, a violation of § 13A-6-20(a)(3), Ala. Code 1975 (reckless assault). Both the DUI conviction and the first-degree-assault charge arose from an automobile accident that had resulted in injuries to another person. The trial court dismissed the assault indictment, finding that it violated the principles of double jeopardy because DUI was a lesser-included offense of the assault charge. On appeal, this Court, relying onIllinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260,65 L.Ed.2d 228 (1980), held that, although DUI and assault are separate offenses under Blockburger v. United States, 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306 (1932), "if the D.U.I. constitutes the State's sole evidence of reckless conduct necessary to establish a violation of § 13A-6-20(a)(3), then appellant would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments." 505 So.2d at 402. Noting that the first-degree-assault indictment suggested that the State had additional evidence of recklessness besides the DUI, this Court remanded the case to the trial court for the State to have an opportunity to submit the evidence it intended to rely on to establish first-degree assault under § 13A-6-20(3). On remand, the State admitted that it had previously entered into a stipulation of facts in which it had conceded that the sole evidence it intended to rely on to establish recklessness was that the appellant was driving under the influence of alcohol, and this Court then affirmed the trial court's dismissal of the assault charge on return to remand, holding that because the State's sole evidence of recklessness was the DUI, DUI was a lesser-included offense of the assault charge and a subsequent prosecution for first-degree assault arising out of the same facts that had resulted in the DUI conviction would violate double jeopardy. See State v. McGaughy, 534 So.2d 1134
(Ala.Crim.App. 1988) (opinion on return to remand).[3]
We agree with the State that criminally negligent homicide and DUI are not the same offense under Blockburger because the statutory elements of each offense are different. We likewise agree with the State that under this Court's holding inMcGaughy, there was no double-jeopardy violation in the present case because in its factual basis the State did not rely solely on DUI to establish negligence; there were other driving violations besides DUI that the State set forth in its factual basis as tending to establish negligence. *Page 141 
However, in determining whether one offense is included in another, the trend of recent Alabama decisions is to focus on the statutory elements of the offenses and the factual allegations actually included in the indictment, rather than on the evidence or factual basis the State presents at trial or during the guilty-plea colloquy. See Ex parte Cole, 842 So.2d 605 (Ala. 2002); Wright v. State, 902 So.2d 720 (Ala.Crim.App.), aff'd,902 So.2d 738 (Ala. 2004); Childers v. State, 899 So.2d 1023
(Ala.Crim.App. 2003), writ quashed, 899 So.2d 1025 (Ala. 2004);Bradley v. State, 925 So.2d 221 (Ala.Crim.App. 2004); andToliver v. State, 881 So.2d 1070 (Ala.Crim.App. 2003).
In Cole, the appellant was indicted for first-degree robbery, and he pleaded guilty to second-degree robbery. In reversing the second-degree-robbery conviction, the Alabama Supreme Court held that the indictment did not allege all the facts necessary to establish second-degree robbery — namely, that the appellant had been aided in the robbery by another participant — and that, therefore, second-degree robbery was not a lesser-included offense of first-degree robbery as charged in the indictment. The Court stated:
 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
Cole, 842 So.2d at 609.
This Court has interpreted Cole to require that an indictment charging first-degree robbery be properly amended to add the fact that the defendant was aided in the robbery by another person before second-degree robbery could be considered a lesser-included offense, and we have applied that interpretation when the conviction is based on a guilty plea, see Childers andToliver, as well as when the conviction is based on a jury verdict, see Wright. The Alabama Supreme Court specifically approved this Court's interpretation of Cole when it affirmed this Court's holding in Wright.
In Wright, the appellant was indicted for first-degree robbery; the jury convicted him of second-degree robbery. In reversing the second-degree robbery conviction, this Court held that the indictment charging first-degree robbery did not include the fact that the appellant had been aided in the robbery by another person and the indictment had never been properly amended to include that fact — we held that the fact that the evidence presented at trial indicated that the appellant had been aided in the robbery by another participant and the fact that the trial court had instructed the jury on robbery in the second degree did not constitute a proper amendment to the first-degree-robbery indictment *Page 142 
— and, thus, that second-degree robbery was not a lesser-included offense of first-degree robbery as charged in the indictment. In affirming our holding in Wright, the Alabama Supreme Court explained its holding in Cole as follows:
"We stated in Cole:
 "`When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact
that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment.'
 "Cole, 842 So.2d at 609 (emphasis added [in Wright]).
 "The State's argument hinges on the meaning of the above-quoted language. The State seizes upon our mention in Cole of `the insufficiency of the factual basis for a guilty plea to second-degree robbery.' The State argues that this phrase indicates that there must be an actual factual insufficiency before an amendment charging a lesser offense would be improper.
 "It is clear that in Cole, particularly the text quoted above, this Court did not speak to the sufficiency of the evidence. Instead, our opinion focused upon the failure to `set forth facts' as constituting the `insufficiency of the factual basis.' Cole, 842 So.2d at 609. We continued, emphasizing the necessity of Cole's consent `to amend the indictment . . . by adding the fact' that he was aided by another person. Cole, 842 So.2d at 609
(emphasis added [in Wright]). Finally, we dismissed treating the indictment hypothetically `as if [it] included that additional fact.' Cole, 842 So.2d at 609.
 "The State's arguments are unpersuasive. It seems clear from the language quoted above from Cole that we specifically required an indictment to be amended, whether formally or informally, by adding any facts necessary to bring the lesser charge within the scope of the indictment. Not only must the record support such a charge, but also more is required — the affirmative act of adding to the indictment a fact supporting the charge.
 "Because the record in each of the cases before us indicates that the necessary fact was never added to the indictment, we hold that the indictment in each case was improperly amended and thus the trial court failed to secure subject-matter jurisdiction over Wright and King."[4] *Page 143 
Wright v. State, 902 So.2d 738, 741-42 (Ala. 2004). See alsoChilders v. State, 899 So.2d 1025 (Ala. 2004) (in which four Justices on the Alabama Supreme Court, concurring to quash the writ for certiorari review, indicated that they agreed with this Court's interpretation of Cole). Thus, it is clear that the statutory elements of the offenses and facts alleged in an indictment — not the evidence presented at trial or the factual basis provided at the guilty-plea colloquy — are the factors that determine whether one offense is included in another.
In McGaughy, this Court relied on the presence of factual allegations in the indictment to support the initial conclusion that the State must have had additional proof of recklessness and did not intend to rely solely on the previous DUI conviction to establish the recklessness necessary for the first-degree-assault charge and to justify remanding the case for the State to present the evidence on which it intended to rely to establish recklessness. The indictment in McGaughy alleged that the appellant caused the injuries to the victim "`by driving or operating a motor vehicle while under the influence of alcohol and by driving said motor vehicle over, against or into another vehicle in which the said [victim] was riding,'"505 So.2d at 400, and in remanding the case, this Court specifically noted that "[w]hile the indictment appears to support the theory that the State has additional evidence of recklessness, we do not have before us sufficient facts to so conclude." 505 So.2d at 402. However, in holding on return to remand that prosecuting the appellant for assault would violate double-jeopardy principles, this Court relied solely on the evidence on which the State conceded that it would rely to establish recklessness and did not consider the factual allegations in the indictment. To the extent that this Court in McGaughy relied on the evidence on which the State intended to rely to establish recklessness, as opposed to the facts as alleged in the indictment, we believe McGaughy has been implicitly overruled by the recent decisions cited above.
The question in this case, then, is not whether the factual basis for the plea included negligent acts besides DUI that the State could rely on in proving criminally negligent homicide, but whether there were factual allegations in the indictment regarding other negligent acts to support the charge other than DUI. There were not. Johnson was charged with "operating his motor vehicle [while] under the influence of alcohol, thereby losing control of said motor vehicle and hitting a utility pole, thereby causing the death of said Charles Anthony Johnson." (C. 6.)[5] Unlike in McGaughy, wherein the appellant was charged with "`driving or operating a motor vehicle under the influence of alcohol and by driving said motor vehicle over, against or into another vehicle in which the said [victim] was riding,'" 505 So.2d at 400 (emphasis added), thus suggesting that the appellant's actions in driving his vehicle over, against, or into another vehicle may have been caused by something other than the appellant's DUI, the use of the word "thereby" in the indictment in this case clearly indicates the State's intent to charge that Johnson's losing control of his vehicle and hitting a utility pole was solely due to his DUI. Therefore, the sole act of negligence alleged in the indictment was DUI.
Moreover, the indictment was never amended to allege any additional acts of *Page 144 
negligence. It stands to reason that if an affirmative act adding to the indictment a fact supporting a lesser offense is necessary to bring that offense within the scope of the indictment, the converse is also true. In other words, an affirmative act adding to the indictment a fact that excludes a lesser offense from the scope of the indictment under the rationale of McGaughy is necessary in order to preclude a double-jeopardy violation. While DUI may be used to establish the element of negligence in a charge of criminally negligent homicide, it is not the only method of proving negligence. There are many acts other than DUI that would be considered negligent and that could support a charge of criminally negligent homicide. Under the rationale of the recent cases cited above, an indictment containing such a charge could, under certain circumstances, be amended to add additional acts of negligence other than DUI in order to exclude DUI as a lesser-included offense without running afoul of Rule 13.5(a), Ala. R.Crim.P.[6] However, such an affirmative act amending the indictment, as contemplated by our caselaw, was not present here.
Under the circumstances in this case, DUI, as charged in Count II of the indictment, is a lesser-included offense of criminally negligent homicide as charged in Count I of the indictment, as amended. Therefore, Johnson's conviction for DUI violates double-jeopardy and must be reversed.
Based on the foregoing, we affirm Johnson's conviction and sentence for criminally negligent homicide under Count I of the indictment. However, we reverse his conviction and sentence for felony DUI under Count II of the indictment and remand this case for the trial court to vacate that conviction and sentence.[7] Due return shall be filed with this Court no later than 35 days from the date of this opinion.
AFFIRMED AS TO COUNT I; REVERSED AS TO COUNT II; AND REMANDED.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] In response to the Anders order issued by this Court, Johnson filed a "letter . . . to try and show your Court the issues or points to be considered on appeal." In that letter, however, Johnson presented no issues for review.
[2] Because the indictment was formally amended to charge criminally negligent homicide, we refer throughout this opinion to Count I of the indictment as charging criminally negligent homicide.
[3] In Salva v. State, 885 So.2d 231 (Ala.Crim.App. 2003), this Court followed the holding in McGaughy, and held that the appellant's convictions for both first-degree assault, a violation of § 13A-6-20(a)(5), Ala. Code 1975 (providing that "[a] person commits the crime of assault in the first degree if . . . [w]hile driving under the influence of alcohol . . . in violation of Section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle"), and DUI violated double-jeopardy principles.
[4] The Supreme Court consolidated the appeal in Wright with the appeal in King v. State, 902 So.2d 736 (Ala.Crim.App. 2004).
[5] Although, as noted above, the indictment was formally amended to charge criminally negligent homicide, that amendment did not change the factual allegations in the indictment.
[6] We do not hold that such an amendment would be proper in all cases. Although such an amendment would not charge a different offense, whether the amendment prejudiced the substantial rights of the defendant would be dependent on the particular circumstances of the case.
[7] Because of our resolution of this case, the additional argument made by Johnson's newly appointed counsel — that Johnson's trial counsel was ineffective for not moving to dismiss Count II of the indictment — is moot.
* Note from the reporter of decisions: On March 11, 2005, the Court of Criminal Appeals denied the appellee's application for rehearing and affirmed, on return to remand, without opinion.